UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES P. ENGELS,

                              Plaintiff,

        v.                                          7:09-cv-415

TOWN OF PARISHVILLE; SUPERVISOR,
JULIE BUMP; FORMER SUPERVISOR,
JOSEPH SNELL; CODE ENFORCMENT
OFFICERS: TIMOTHY O'BRIEN,
RICHARD RODENHOUSE, JERRY MOORE;
TOWN CLERK, LUCETTA WILCOX; and
TOWN LAWYER, ROGER LINDEN,,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff James P. Engels commenced the instant action against Defendants

asserting various violations of his constitutional rights and also asserting various state law

claims.  Presently before the Court is Defendant's motion to dismiss or, in the alternative, for

a more definite statement.[1]

---

[1] All defendants join the motion except Defendant Linden.

I.      **FACTS**[2]

Plaintiff owns real property located at 134 Hanson Road, Parishville, New York. Prior to Plaintiff's purchase of the land in 1976, it had been used as a junkyard.  In May 1995, the Town Clerk, Defendant Lucetta Wilcox, advised Plaintiff this his junkyard permit expired effective March 31, 1995.  In May 1997, the Town Clerk advised Plaintiff that his junkyard permit expired effective March 31, 1997.

It appears that, in November 1999, the Code Enforcement Officer, Defendant Jerry Moore, contended that Plaintiff did not have, and never had, a proper junkyard permit.  In April 1999, Plaintiff "received revocation notice," presumably referring to a junkyard permit. Compl. at ¶ 11.[3]

In November 1999 Plaintiff received a letter requiring him to remove two hundred and sixty tons of vehicles from his land.  In September 2004, Defendant Code Enforcement Officer Richard Rodenhouse served Plaintiff with an "Affidavit of Service" "with twenty days to eradicate vehicles from [his] possession."  Id. at ¶ 22.  In October 2004, Plaintiff appeared in Supreme Court "in opposition to Code Enforcement Officer, Richard Rodenhouse. . . ."  Id. at ¶ 23.  In December 2004, New York State Supreme Court Justice Demerest ordered Plaintiff to "cease and desist," id. at ¶ 29, to remove vehicles stored on the premises, and to restore the land.  Plaintiff also had to pay a $500 per week civil penalty.  In April 2005, Plaintiff appealed.

---

[2] The following facts are taken from the Complaint and, unless noted otherwise, presumed to be true.  The Complaint is disjointed and confusing and the Court has endeavored to present the allegations together in a coherent manner, eliminating those facts that do not appear to be relevant to Plaintiff's claims.

[3] The exhibit referenced in paragraph 11 of the Complaint reveals that Plaintiff's fee for a junkyard license was returned to him "as per Town Board order."

In August 2007, Plaintiff received a ticket for having an illegal tire pile on his property.  Id. at ¶ 41.  This was the subject of court proceedings commenced in August 2008 and continuing to date.  Id.

Plaintiff commenced the instant action on April 8, 2009, asserting numerous constitutional violations and state law claims.  Presently before the Court is Defendant's motion to dismiss on the grounds that Plaintiff fails to state a claim upon which relief can be granted, that the claims are time-barred, or, in the alternative, for a more definite statement.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 1949-50 (internal quotations and citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown - that the pleader is entitled to relief."  Id. at 1950 (internal citations and quotation omitted).

## III.      DISCUSSION

### a.      State Law Claims

Defendants move to dismiss the state law claims on the ground that Plaintiff failed to serve a notice of claim pursuant to New York Municipal Law § 50-e and that any state law claims are time-barred pursuant to § 50-i.  Pursuant to Municipal Law § 50-i, no action may be commenced unless: (a) a notice of claim has been served pursuant to § 50-e; and (2) the action is commenced within one year and ninety days "after the happening of the event upon which the claim is based."

Here, there is no allegation that Plaintiff properly served a notice of claim pursuant to § 50-e with respect to any of the claims raised in this case.  Further, with the exception of the incident concerning the ticket for an illegal tire pile, all the alleged unlawful conduct occurred more than one year and ninety days prior to the commencement of the instant action and is, therefore, time-barred.  Because Plaintiff did not file a notice of claim or otherwise timely commence this action, all state law claims are DISMISSED.

### b.      Federal Claims

Defendants also move to dismiss the federal claims as time-barred.  Plaintiff's claims derive out of Defendant's failure to issue him junkyard permits, their revocation of his permits, and their efforts to prevent him from using his property to store vehicles, tires, or other items.  With the exception of the illegal tire pile ticket, the last date related to any conduct attributable to any of the defendants named herein was in April 2005 when Plaintiff appealed the cease and desist order.[4]  There are no other factual allegations in the

---

[4] Of course, Plaintiff's appeal is not actionable conduct attributable to any of the named
(continued...)

Complaint that plausibly suggest any involvement by Defendants after April 2005.  April 2005 is more than three years prior to the commencement of the instant action in April 2009 and, therefore, all such claims are time-barred.  <u>Zapata v. City of New York</u>, 502 F.3d 192, 194 n.3 (2d Cir. 2007).

With respect to the issuance of a ticket for illegal tire storage, there are no allegations in the complaint tying that incident to any of the named defendants.  The complaint alleges that the ticket was issued by "DEC Officer Jonathan Ryan" and his supervisor Mike Cox.  Compl. at ¶ 41.  They are not named Defendants.  Accordingly, any claims relating to the illegal tire storage must be dismissed for failure to state a claim upon which relief can be granted.  There being no remaining timely allegations before the Court, the federal claims must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY AGAINST ALL DEFENDANTS EXCEPT DEFENDANT LINDEN.

IT IS SO ORDERED.

Dated:   July 14, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[4](...continued)
Defendants.  Indeed, Defendant's alleged unlawful conduct transpired earlier.  Nevertheless, the Court gives Plaintiff the benefit of this later date.  While, Plaintiff makes some allegations about his son being involuntarily admitted into a psychiatric hospital in June 2006, none of the claims in this regard involve any of the named defendants.  Accordingly, any claims arising out of that incident must be dismissed for failure to state a claim upon which relief can be granted.