UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES P. ENGELS,

                      Plaintiff,

    v.                                7:09-cv-415

TOWN OF PARISHVILLE; SUPERVISOR,
JULIE BUMP; FORMER SUPERVISOR,
JOSEPH SNELL; CODE ENFORCMENT
OFFICERS: TIMOTHY O'BRIEN,
RICHARD RODENHOUSE, JERRY MOORE;
TOWN CLERK, LUCETTA WILCOX; and
TOWN LAWYER, ROGER LINDEN,,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff James P. Engels commenced the instant action against Defendants asserting various violations of his constitutional rights and also asserting various state law claims arising out of Plaintiff's operation of a salvage yard in Parishville, New York. Presently before the Court is: (1) Plaintiff's motion for reconsideration of the July 14, 2009 Order; and (2) Defendant Linden's motion to dismiss pursuant to Fed. R. Civ. P. 12.

    As this Court has stated:

> "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high

>burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan.24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y.1995)).

Plaintiff fails to provide sufficient grounds upon which reconsideration would be warranted. Plaintiff similarly fails to provide sufficient grounds warranting a tolling of the applicable statute of limitations or application of the continuing violation theory. Accordingly, the motion for reconsideration is DENIED.

Defendant Linden moves to dismiss the Complaint as time-barred. The last act attributed to Defendant Linden occurred on February 27, 2006. Because Plaintiff did not commence this action until April 8, 2009, it is beyond the three year statute of limitations applicable to § 1983 claims. Zapata v. City of New York, 502 F.3d 192, 194 n.3 (2d Cir. 2007). Plaintiff fails to articulate any plausible grounds for tolling the statute of limitations or applying the continuing violation doctrine. Accordingly, the motion to dismiss is GRANTED.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED and Defendant Linden's 's motion to dismiss is GRANTED. The Complaint is DISMISSED IN ITS

ENTIRETY.  To the extent Plaintiff is seeking leave to file an amended complaint, it is

DENIED AS FUTILE.

IT IS SO ORDERED.

Dated:February 4, 2010

Thomas J. McAvoy
Senior, U.S. District Judge